SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

FINANCIAL AND BUSINESS SERVIC-
ES, INC., Arthur B. Jacoby, and
Joseph J. Pavlico, Defendants.

SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Arthur B. JACOBY and Joseph J.
Pavlico, Defendants.

No. C–C–85–0468–P.

Misc. No. 762–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Nov. 27, 1985.

Supplemental Order Dec. 13, 1985.

Michael K. Wolensky, Joseph L. Grant,
William C. Woodward, Jr., W. Scott Sor-
rels, S.E.C., Atlanta, Ga., for plaintiff.

George V. Laughrun, II, Charlotte, N.C.,
Scott H. Ray, Jr., Lebanon, Ohio, for Jo-
seph J. Pavlico.

Harold J. Bender, Charlotte, N.C., for
Arthur Jacoby.

Pamela H. Simon, R.C. Carmichael, Jr.,
Wade & Carmichael, Charlotte, N.C., for
receiver.

ORDER AND JUDGMENT

ROBERT D. POTTER, Chief Judge.

THIS MATTER came on for hearing be-
fore the undersigned on November 25, 1985
at Charlotte, North Carolina, on the Receiv-
er's Motion and the Securities and Ex-
change Commission Motion for "Show
Cause Order" and "Application for Order
to Show Cause why Defendants should not
be punished for Criminal Contempt", which
Motions were consolidated for hearing by
the Court.

The Securities and Exchange Commis-
sion was represented by W. Scott Sorrels
and the Receiver was represented by Pame-
la H. Simon and R.C. Carmichael, Jr., At-
torneys at Law. The Defendant Joseph J.
Pavlico was represented by Scott H. Ray,
Jr. an attorney in good standing before the
Ohio Supreme Court, and George V. Lau-
ghrun, II of the North Carolina bar. The
Defendant Arthur B. Jacoby was repre-
sented by Harold J. Bender, Attorney at
Law.

The Court had previously issued on July
26, 1985, a temporary Restraining and Or-
der for an Accounting, Establishment of a
Constructive Trust and Other Equitable
Relief which among other things prohibited
Jacoby and Pavlico from directly and indi-
rectly dissipating, concealing and disposing

of, in any manner, any assets, choses in action or other property of Defendants Financial & Business Services, Inc. or Jacoby as Trustee, and any other affiliates of Financial and Business Services, Inc. or Jacoby, as Trustee.

On July 31, 1985, this Court entered an "Order Extending Temporary Restraining Order" until September 9, 1985.

On August 30, 1985, this Court entered a "Preliminary Injunction and Other Relief."

On September 23, 1985 this Court issued a "Final Judgment of Permanent Injunction and Order Appointing Receiver and Other Equitable Relief" setting forth the prohibitions contained in the July 26, 1985 Order of this Court and ordering the Receiver in substance to take possession of all funds and other property of Financial & Business Services, Inc. and "... prevent the withdrawal and misapplication of funds entrusted to defendants, and to determine, adjust, and protect the interests of the investors and defendant Financial & Business Services, Inc."

The Defendants Jacoby and Pavlico on November 26, 1985 have stipulated through their attorneys that they have violated the said orders of this Court, and the Court, based upon such stipulation, and the evidence presented concludes that the Plaintiffs have proved beyond a reasonable doubt that the Defendants Jacoby and Pavlico willfully, contumaciously, intentionally, with a wrongful state of mind violated this Court's Orders which were definite, clear, specific and left no doubt or uncertainty in the minds of the Defendants, and therefore, the Court finds that the Defendants Jacoby and Pavlico are in criminal contempt, and imposes a sentence of six months in prison and a $500.00 fine on each Defendant. The imposition of the sentence of imprisonment is suspended on the following conditions with the understanding that failure to abide by these conditions will result in the revocation of the order of suspension of the term of imprisonment.

As a condition of the Court's Order of suspension of the sentence of imprisonment

(1) The Defendants will reimburse the Receiver the sum of $15,000.00 in the form of a certified or cashier's check not later than the close of business on November 27, 1985; and

(2) The Defendants will reimburse the Receiver the sum of $118,112.34 in the following manner:

(a) the Defendants will deliver to the Receiver or cause to be delivered to the Receiver the sum of FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS in the form of a certified or cashier's check on or before 5:00 o'clock p.m. the 12th day of December, 1985;

(b) Simultaneously with the delivery of said check the Defendants will deliver to the Receiver a note in the amount of SIXTY EIGHT THOUSAND ONE HUNDRED AND TWELVE AND 84/100 ($68,112.84) DOLLARS together with a Deed of Trust in proper form for recording in the Office of the Register of Deeds where the real property described therein is located, including real property only in North Carolina. The Note and Deed of Trust will bear interest on the unpaid balance at the rate of Eight (8%) percent per annum, will be executed by Arthur B. Jacoby and Joseph J. Pavlico and their respective spouses and the principal and interest will be payable in 24 equal monthly payments commencing on the 12th day of January, 1986, and continuing on the 12th day of each month thereafter until paid in full, except that if not sooner paid, the entire balance of principal and interest will be due and payable on the 12th day of December, 1986. The Deed of Trust securing said Note will describe property of a value not less than ONE HUNDRED THOUSAND AND 00/100 ($100,000.00) DOLLARS as determined by the Receiver, after deducting from the total value, all existing encumbrances, if any.

The Note will contain a provision that in the event of default of the payment of any installment when due,

the entire balance will become due and payable immediately.

The title of the property or properties described in the Deed of Trust will be examined by Travis W. Moon, Attorney at Law, and a certificate of title certifying that the title is free and clear of all encumbrances except as noted therein will be furnished to the Receiver.

IT IS FURTHER ORDERED that

(1) The Defendants will vacate the offices they now occupy or any other offices located at 2730 Rozzell's Ferry Road, and that they will not return to said premises except by leave of Court, and further that they will not violate this Order or any other Orders previously issued by this Court; and

(2) The Defendants will pay the fine of FIVE HUNDRED AND 00/100 ($500.00) DOLLARS to the Office of the Clerk of Court for the Western District of North Carolina in Charlotte, North Carolina not later than December 12, 1985.

The Clerk is directed to certify copies of this Order to all Defendants and their counsel; the Receiver; and Plaintiffs and their counsel.

### SUPPLEMENTAL ORDER

In its Order of November 27, 1985, this Court inadvertently stated that the entire balance of principal and interest of the note the Defendants were to deliver to the Receiver on this date "will be due and payable on the 12th day of December, 1986." The date on which the entire balance will be due should have been stated as the 12th day of December, 1987.

The Court has been informed by the Receiver's attorney, Travis W. Moon, that the Defendants are unable to deliver the full $50,000.00 to the Receiver today as was ordered by this Court. Further, there is a dispute as to whether the real property that is to secure the note of sixty-eight thousand one hundred and twelve and 84/100 ($68,112.84) dollars is worth one hundred thousand and 00/100 ($100,000.00)

dollars as must be determined by the Receiver.

The Court is of the opinion that the Defendants should have until 5:00 p.m. on Monday, December 16, 1985, to deliver to the Receiver the $50,000.00 in the form of a certified or cashier's check. By that time, the Receiver should have been able to determine whether the real property in question has a value of at least $100,000.00.

NOW, THEREFORE, IT IS ORDERED that:

(1) The sixth line on page 5 of the Court's Order issued November 27, 1985 is amended to read:

"the 12th day of December, 1987. The"; and

(2) The Defendants have until and including Monday, December 16, 1985 at 5:00 p.m. to deliver to the Receiver the sum of FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS in the form of a certified or cashier's check, and the note in the amount of SIXTY–EIGHT THOUSAND ONE HUNDRED AND TWELVE AND 84/100 ($68,112.84) DOLLARS, together with the Deed of Trust as described in the Court's Order of November 27, 1985.